THE STATE *ex rel.* ARMENTROUT *et al., Appellants,* v. GRANT.

**Practice**: BILL OF EXCEPTIONS. The Supreme Court will not review the action of the trial court on a motion involving the hearing of testimony, upon a bill of exceptions taken at another stage of the proceedings and at a subsequent term.

*Appeal from Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

In 1873 the relators brought this suit on the bond of Lewis R. Burns, surviving partner and administrator of the partnership estate of the firm of Burns & McDaniel. Judgment was rendered at the August term, 1874, against respondent Grant as surety on said bond, for the penalty, and execution was awarded December 24th, 1874, during vacation. Grant filed a motion for a new trial, alleging substantially as grounds, 1st, Final judgment was rendered without a default first taken; 2nd, Relators dismissed as to Burns and took final judgment against Grant; 3rd, Final judgment without inquiry of damages; 4th, Said judgment, with two others, exceeds the assets in Burns' hands; 5th, No proof submitted to the court showing assets in Burns' hands; 6th, That Burns agreed to employ an attorney to defend and did not; 7th, Because of which promise Grant employed no attorney; 8th, The judge's minutes do not show any final judgment, or inquiry of damages; the judgment was entered in vacation and the record not signed by the judge. This motion was sustained at the April term, 1875. In November, 1878, the case was dismissed for want of prosecution. Relators then filed a motion to set aside the order granting defendants a new trial and the order of dismissal. This motion being overruled, relators appealed.

*Higbee & Shelton* for appellants.

*McGoldrick & Caywood* for respondent.

HOUGH, J.—This is an appeal from the judgment of the circuit court of Schuyler county, dismissing the plaintiffs' suit for the want of prosecution, on the 7th day of November, 1878. The court committed no error in dismissing the suit. The real object of the appeal is to review certain proceedings had in this cause at the April term, 1875, of said court. No exceptions to the action of the court complained of were preserved at the term at which such action was had, as is required by section 3636 of the Revised Statutes, and the proceedings then had being on motion and testimony adduced thereon, are not subject to review. No bill of exceptions appears to have been filed in this cause until after the plaintiffs' suit was dismissed in November, 1878. The judgment must, therefore, be affirmed. The other judges concur.